UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Civil File No. 04-CV-4810 RHK/AJB

SCOTT MALCOLM and TIM MCGOUGH, as Trustees of
the Carpenters & Joiners Welfare Fund, Twin City
Carpenters Pension Master Trust Fund, Carpenters
and Joiners Apprenticeship and Journeymen Training
Trust Fund, and Twin City Carpenters Vacation Fund;
and each of their successors,

JOHN BOSQUEZ and GARY LARSON, as Trustees
of the Minneapolis Painting Industry Health
& Welfare Fund, Minneapolis Local 386 Drywall Finishing
Industry Pension Fund, Minneapolis Painting Industry
Pension Fund, Minneapolis Painting Industry Vacation
and Holiday Fund; MICHAEL GAVANDA and
JAMES SMALLEN, as Trustees of the Minnesota
Finishing Trades Training Fund;
and each of their successors,

JEFF JEWETT and JOHN NAKASONE, as Trustees
of the St. Paul Painting Industry Health & Welfare
Fund, St. Paul Painting Industry Pension Fund,
St. Paul Painting Industry Vacation Fund;
and each of their successors,

**FINDINGS OF FACT,
CONCLUSIONS OF LAW,
AND ORDER FOR
DEFAULT MONEY JUDGMENT**

Plaintiffs,

vs.

ARROW DRYWALL, INC.,

Defendant.
_____

This matter was heard before the undersigned on the 23rd day of May, 2005. Amanda R. Cefalu of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## **FINDINGS OF FACT**

1.      Plaintiffs filed a Summons and Complaint in this matter on November 16, 2004. Defendant was personally served with the Summons and Complaint in this matter on December 22, 2004.

2.      Defendant has failed to file and serve a response or Answer to the Summons and Complaint.

3.      Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds").  The Funds are multi-employer plans as defined by 29 U.S.C. ' 1002(37).  They are established to provide, *inter alia*, pension, health and welfare vacation benefits and training to employees doing carpentry and painting work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.  All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, Minnesota 55425, as the administrative agent designated by the Trustees.

4.      Defendant, through its membership in the Minnesota Drywall and Plaster Association, is bound to the terms of the Collective Bargaining Agreement between the Lakes and Plains Regional Council of Carpenters and Joiners and the Carpentry Contractors Association and the Minnesota Drywall and Plaster Association.

2

5. The Carpenters' Collective Bargaining Agreement requires employers, such as Defendant, to contribute every month, not later than the fifteenth (15th) of the following month, such sums for Pension, Health and Welfare, Vacation, Dental, Apprenticeship, and Promotion Funds as they may be established, an amount for each hour worked by all employees covered by the Collective Bargaining Agreements. Each payment shall be accompanied by a report form as specified by the Trustees.

6. The Carpenters' Collective Bargaining Agreement provides that an employer who is delinquent shall be required to pay the Funds an additional amount of 10% of the amount of the unpaid contributions as liquidated damages. In addition, ERISA and the Collective Bargaining Agreement provide that a delinquent employer shall also be required to pay all costs of collection actually incurred by the Funds, including all attorney fees, services fees, filing fees, court reporter fees, and all other fees, costs and disbursements incurred by or on behalf of the Funds in determining, assessing, and collecting the amount due.

7. In addition, ERISA and the Collective Bargaining Agreements provide that Plaintiffs are entitled to their reasonable attorney fees and costs associated with this action.

8. After filing and service of the Complaint in this action, the Defendant submitted payroll records for the period of January, 2003 through December, 2004.

9. The Funds' auditor reviewed those records and completed an audit invoice using the rates for contributions specified in the Carpenters Collective Bargaining Agreement.

10. The total amount due for fringe benefit contributions for the audit period of January, 2003 through December, 2004 is $3,093.96.

11. Defendant also owes the Funds $309.40 for liquidated damages for the audit period of January, 2003 through December, 2004 for its' failure to make timely contributions.

12. To date, Plaintiffs have incurred $1,578.75 for attorney fees and $379.70 for costs. These fees and costs are reasonable in light of the issues involved and the level of experience of the practitioners.

## **CONCLUSIONS OF LAW**

1. Defendant is in default, and Plaintiffs are entitled to Default Money Judgment.

2. Defendant owes the Carpenters Funds $3,093.96 for fringe benefit contributions and $309.40 for liquidated damages for the months of January, 2003 through December, 2004.

3. Defendant owes $1,958.45 for attorney fees and costs to the Plaintiffs collectively.

## **ORDER**

**IT IS ORDERED THAT**:

4. Default be entered by the Clerk;

5. Plaintiffs' Motion for Default Money Judgment is granted; and

6. Plaintiffs shall have judgment against Defendant Arrow Drywall, Inc. in the amount of $5,361.81.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

4

Dated: May 25, 2005                    s/Richard H. Kyle
                                                              Richard H. Kyle
                                                              United States District Judge